IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. MALARIK, | ) |
| Petitioner, | ) Civil Action No. 07-394 |
| v. | ) Judge Conti |
| | ) Magistrate Judge Caiazza |
| ALLEGHENY COUNTY, et al., | ) |
| Respondents. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I. **RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus filed by James M. Malarik be dismissed because it is apparent from the face of the Petition that he has not exhausted available state court remedies.

II. **REPORT**

A. **Discussion**

James M. Malarik ("Malarik" or "the Petitioner") has filed a federal habeas petition pursuant to the provisions of 28 U.S.C. §2254. He seeks to challenge pending state charges of Criminal Conspiracy and Identity Theft. From a reading of Malarik's Petition it is clear that he is presently awaiting trial on these charges, and that he has raised defenses in an Omnibus Pretrial Motion filed in the state courts in February, 2007.

A district court can dismiss a habeas corpus petition if it appears on its face that the petitioner is not entitled to relief. Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert.

<u>denied</u>, 490 U.S. 1025 (1989). Here, the charges pending against Malarik are in the pre-trial stage. That said, state prisoners seeking habeas relief in federal court are required to exhaust available state court remedies. "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c); <u>Castille v. Peoples</u>, 489 U.S. 346 (1989). Although the exhaustion requirement is not jurisdictional, it "should be strictly adhered to because it expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." <u>Landano v. Rafferty</u>, 897 F.2d 661, 669 (1990). Moreover, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 489 (1973).

Here, because the charges pending against him are in the pre-trial stage, Malarik clearly has not exhausted the available state court remedies. He has an affirmative duty to adjudicate the merits of an affirmative defense in state court prior to seeking relief in this court pursuant to a federal habeas action.

**B. Certificate of Appealability**

A certificate of appealability should be denied because

jurists of reason would not disagree that Malarik has failed to exhaust his available state court remedies. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural ground); see also Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

### III.  CONCLUSION

It is recommended that the Petition for Writ of Habeas Corpus filed by James M. Malarik be dismissed because it appears on its face that he has not exhausted the available state court remedies.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, Malarik is allowed ten days from the date of service to file written objections to this Report. Failure to timely file objections may constitute a waiver of any appellate rights.

s/Francis X. Caiazza
Francis X. Caiazza
United States Magistrate Judge

Dated: April 4, 2007

cc:
JAMES M. MALARIK

#130218
Allegheny County Prison
950 Second Avenue
Pittsburgh, PA 15219